**20SL-CC02731**

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **ALEXIS BRANCH and BARBARA BRANCH, individually, and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiffs,** ) | |
| ) | **Cause No:** |
| **vs.** ) | |
| ) | **Division No:** |
| **THE CENTRAL TRUST BANK D/B/A CENTRAL BANK,** ) ) | |
| ) | |
| **Defendant.** ) | |

### PETITION

**COME NOW** Plaintiffs Barbara Branch and Alexis Branch, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, and for their Petition, state:

### PARTIES, JURISDICTION, AND VENUE

1.      This case is about making sure that businesses who repossess vehicles comply with a very simple rule that affords due process to consumers. That rule is to notify the consumer who has a vehicle repossessed by the business whether the vehicle will be sold at a private or public sale.

2.      Defendant Central Bank broke this simple rule. Central Bank repossessed the vehicles of Plaintiffs and hundreds of Missouri consumers. Central Bank then misrepresented to Plaintiffs and hundreds of Missouri consumers that their vehicles would be sold at **private** sales, when, in realty, their vehicles were sold at **public** sales.  This class action cases seeks to hold Central Bank accountable for breaking this simple rule.

3.      Plaintiffs Barbara Branch and Alexis Branch ("Plaintiffs") are individuals who

EXHIBIT A

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

reside in St. Louis County, Missouri.

4.      Defendant The Central Trust Bank d/b/a Central Bank ("Defendant" or "Central Bank") is a domestic trust company that transacts business under Missouri Charter #U00000277.

5.      This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. Mo. Const. Art. V § 14.

6.      This Court has the statutory authority to grant the relief requested herein pursuant to § 408.562 R.S.Mo.

7.      Venue is proper in St. Louis County because the transaction at issue between Plaintiffs and Defendant took place in St. Louis County.

## BACKGROUND

***Defendant Provides a Legally Deficient Notice of Its Intent to Sell the Collateral***

8.      On July 22, 2014, Plaintiffs purchased a 2010 Chevrolet Impala, bearing Vehicle Identification Number 2G1WC5EM3A1213825 (the "Vehicle") from Weber Chevrolet Company in St. Louis, Missouri.

9.      Plaintiffs financed the purchase price of the Vehicle by entering into a Motor Vehicle Retail Installment Contract, a true and correct copy of which is attached as Exhibit 1.

10.     The Retail Installment Contract was assigned to Defendant the same day Plaintiffs' purchased the Vehicle.

11.     The parties agreed the Vehicle would serve as collateral for the installment contract such that the transaction was a secured transaction governed by Missouri's adoption of Article 9 of the Uniform Commercial Code, MO. REV. STAT. § 400.9-101, *et seq.*

12.     In connection with the extension of credit to Plaintiffs, Defendant assessed a "Finance Charge" in the amount of $4,158.18 for the "Amount Financed" of $21,253.50.

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

13.     Thereafter, on January 1, 2018, the New Year's Day Holiday, Defendant repossessed the Vehicle on the alleged basis that Plaintiffs had defaulted on their payments under the Retail Installment Contract.

14.     Following repossession of the Vehicle, Defendant sent a letter to Plaintiffs dated January 11, 2018, which Defendant titled as "Confirmation of Repossession" and "Notices of Notice of Intent to Apply for Repossessed Title and to Sell Collateral," a true and correct copy of which is attached as Exhibit 2.

15.     Defendant's letter included a subheading, in bold typeface, titled "Notice of Private Sale."

16.     Under its "Notice of Private Sale," Defendant represented to Plaintiffs that "the Vehicle will be sold by private sale at some fifteen (15) or more days following the date of this letter."

17.     Contrary to Defendant's representation, the Vehicle was sold at a **public** sale.

18.     Specifically, Defendant sold the vehicle at an auction through Manheim, Inc.

19.     Defendant's notice did not advise Plaintiffs of the time or place at which the sale would be held even though Defendant conducted the sale at a definite time and place where multiple parties bid on the Vehicle.

20.     Following the sale, on March 14, 2018, Defendant sent Plaintiffs a "Notice of Sale of Collateral and Possible Deficiency," a copy of which is attached as Exhibit 3.

21.     Within its March 14 Notice, Defendant assessed "Auction Fees" in the amount of $100.00 as an expense incident to the alleged private sale thereby inflating Plaintiffs' alleged deficiency balance for the Vehicle following the sale.

22.     On February 25, 2020, in the matter of *Central Trust Bank v. Barbara Branch, et*

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

*al.*, St. Louis County Circuit Court Associate Division, Case No. 19SL-AC14380, the Honorable Matthew H. Hearne entered judgment against Central Trust Bank finding that its sale of a vehicle at a dealers' auction constituted a "public sale" under Missouri law.

### *This Action Is Properly Maintainable as a Class Action*

23.     This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08.  Plaintiff seeks to certify the following class:

a.     The "UCC" Class: All persons to whom Defendant sent a Notice of Intent to Sell Collateral dated four years before the date of the filing of this suit until the date of class certification where: (1) the person(s) entered into a Retail Installment Contract with Defendant in connection with the sale of a vehicle which served as collateral for the installment contract; (2) Defendant repossessed the vehicle that served as collateral; (3) Defendant mailed a Notice of Intent to Sell Collateral stating that the vehicle would be sold at a "private sale;" (4) the vehicle was sold at an auction; and, (5) a judgment has not been entered against the individual for a deficiency balance arising out of the sale of the vehicle.

b.     The "Section 408.562" Class: All persons to whom Defendant sent a Notice of Intent to Sell Collateral dated five years before the date of the filing of this suit until the date of class certification where: (1) the person(s) entered into a Retail Installment Contract with Defendant in connection with the sale of a vehicle which served as collateral for the installment contract; (2) Defendant repossessed the vehicle that served as collateral; (3) Defendant mailed a Notice of Intent to Sell Collateral stating that the vehicle would be sold at a "private sale;" (4) the

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

vehicle was sold at an auction; and, (5) a judgment has not been entered against the individual for a deficiency balance arising out of the sale of the vehicle.

24.     The class is so numerous and geographically diverse that joinder of the class members is impracticable.

25.     Upon information and belief, the class consists of over 100 people.

26.     There are common questions of law and fact applicable to the claims asserted on behalf of the class. Those questions include, but are not limited to:

   a.     Whether Defendant mailed a Notice of Intent to Sell Collateral;

   b.     Whether Defendant listed the sale as a private sale within the Notice of Intent to Sell Collateral;

   c.     Whether Defendant sold the vehicle at an auction; and,

   d.     Whether Defendant's actions violate Missouri law.

27.     Plaintiffs are members of the classes they seek to represent.

28.     On information and belief, Defendant is a high-volume consumer installment lender that finances, and repossesses, hundreds of vehicles each year in Missouri.

29.     Defendant has acted on refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30.     Defendant has acted, and continues to act, contrary to the law by failing to notify Plaintiffs and the putative class members that their vehicles will be sold at a public sale.

31.     There are no unique defenses Defendant can assert against Plaintiffs individually, as distinguished from the defenses that apply to the putative class members.

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

32.     Plaintiffs will fairly and adequately represent the putative class members and have no conflict of interest. Rather, Plaintiffs' interests are adverse to Defendant's interests. Plaintiffs are committed to vigorously prosecuting the claims presented in this petition.

33.     Plaintiffs' counsel will fairly and adequately represent the putative class members. Plaintiffs have retained counsel experienced in the prosecution of class actions. Plaintiffs' counsel have no interests adverse or in conflict with absent class members.

34.     Plaintiffs' claims are typical of the class they seek to represent.

35.     Plaintiffs' claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct, thereby resulting in the same injury to Plaintiffs and the putative class members.

36.     The class action mechanism provides a fair and efficient method to adjudicate this controversy because the claims of Plaintiffs and the putative class members raise the same questions of law and fact.

37.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and/or economically infeasible for class members to seek redress individually.

38.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

39.     There will be no unusual difficulty in managing this case as a class action.

40.     The loss suffered by the putative class members is calculable and ascertainable.

### COUNT I – VIOLATIONS OF § 400.9-101, *et seq.* (on behalf of Plaintiffs and all others similarly situated)

41.     Plaintiffs incorporate the previous paragraphs as if fully set forth in this Count.

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

42.     As contemplated by the class definition, Plaintiffs and the putative class members do not seek to set aside or otherwise challenge any judgment previously entered against an individual in favor of Defendant for a deficiency balance following the sale of their vehicle.

43.     Plaintiffs and the putative class members are each a "consumer debtor" as defined by section 400.9-102(22) R.S.Mo.

44.     Defendant is a "secured party" as defined by section 400.9-102(71) R.S.Mo.

45.     Plaintiffs' and the putative class members' vehicles are "collateral" as defined by 400.9-102(12) R.S.Mo.

46.     Pursuant to section 400.9-614, within its notice of disposition, Defendant was obligated to inform Plaintiffs and the Class Members of the time and place of the public disposition of their vehicles.

47.     Defendant violated section 400.9-101, *et seq.*, when it falsely informed Plaintiffs and the Class Members that their vehicles would be disposed of at a **_private_** sale, when the sale was actually a **_public_** sale.

48.     Pursuant to section 400.9-625(c), due to Defendant's failure to comply with the Act, Defendant is liable for damages equal to the amount of the "Finance Charge" imposed in the Retail Installment Contracts of Plaintiffs and the putative class members plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each such person to whom Defendant failed to send proper notice of disposition of collateral within the four (4) years prior to the filing of this petition.

49.     Pursuant to section 400.9-625(a), due to Defendant's failure to comply with the Act, Plaintiffs and the Class Members seek an Order from the Court prohibiting Defendant from

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

attempting to collect any alleged deficiency balance arising out a private sale when, in fact, Defendant sent a pre-sale notice listing the sale as a private sale.

50.     Pursuant to Supreme Court Rule 52.08(b)(2), Plaintiffs and the putative class members are also entitled to injunctive and/or declaratory relief.

51.     Plaintiffs and the Class Members demand pre-judgment interest on the amount of statutory damages accruing from the date of the respective auction of their vehicles.

WHEREFORE, Plaintiffs Alexis Branch and Barbara Branch, individually, and on behalf of each member of the proposed Class, request that the Court enter judgment against Defendant The Central Trust Bank d/b/a Central Bank and grant the following relief:

(a)     Enter an order certifying this action as a Class Action and appointing Plaintiffs as representatives of the Class;

(b)     Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as class counsel;

(c)     Enter an order and judgment providing injunctive and/or declaratory relief to the class by which Defendant is stopped from continuing to notify the putative class members that their vehicles will be sold at a private, rather than public sale;

(d)     Enter judgment in favor of Plaintiff and members of the Class in the amount of the "Finance Charge" plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

each class member from the four year period prior to the date of the filing of this Petition;

(e)     Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(f)     Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiffs and/or the Class may be entitled.

## COUNT II – VIOLATIONS OF § 408.562
### (on behalf of Plaintiffs and all others similarly situated)

52.     Plaintiffs incorporate the previous paragraphs as if fully set forth in this Count.

53.     As contemplated by the class definition, Plaintiffs and the putative class members do not seek to set aside or otherwise challenge any judgment previously entered against an individual in favor of Defendant for a deficiency balance following the sale of their vehicle.

54.     Pursuant to section 408.562, Plaintiffs and the putative class members are each a "person" who suffered a loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561; namely, section 408.557.

55.     Defendant violated section 408.557 by failing to provide Plaintiffs and the Class members the requisite notice under section 400.9-614.

56.     Specifically, Defendant violated section 400.9-614 and section 408.557 when it falsely informed Plaintiffs and the Class Members that their vehicles would be disposed of at a **private** sale, when the sale was actually a **public** sale.

57.     Pursuant to section 400.9-625(c) and section 408.562, due to Defendant's failure to provide notice, Defendant is liable for damages equal to the amount of the "Finance Charge"

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

imposed in the Retail Installment Contracts of Plaintiffs and the putative class members plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each such person to whom Defendant failed to send proper notice of disposition of collateral within the four (4) years prior to the filing of this petition.

58.    Pursuant to section 400.9-625(a) and section 408.562, due to Defendant's failure to provide notice, Plaintiffs and the Class Members seek an Order from the Court prohibiting Defendant from attempting to collect any alleged deficiency balance arising out a private sale when, in fact, Defendant sent a pre-sale notice listing the sale as a private sale.

59.    On information and belief, Defendant continues to seek deficiency balances by filing lawsuits against individuals to whom it sent notice of a private sale when the sale of their collateral was, in fact, held via public auction.

60.    Defendant's continues to seek deficiency balances despite possessing actual knowledge that a Missouri court already held that its conduct is unlawful.

61.    Defendant's conduct constitutes a willful and reckless disregard of the Class Members' rights under sections 400.9-614 and 408.557 and, therefore, justifies the imposition of punitive damages under section 408.562.

62.    Pursuant to Supreme Court Rule 52.08(b)(2), Plaintiffs and the putative class members are also entitled to injunctive and/or declaratory relief.

63.    Plaintiffs and the Class Members demand pre-judgment interest on the amount of statutory damages accruing from the date of the respective auction of their vehicles.

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

WHEREFORE, Plaintiffs Alexis Branch and Barbara Branch, individually, and on behalf of each member of the proposed Class, request that the Court enter judgment against Defendant The Central Trust Bank d/b/a Central Bank and grant the following relief:

(a)     Enter an order certifying this action as a Class Action and appointing Plaintiffs as representatives of the Class;

(b)     Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as class counsel;

(c)     Enter an order and judgment providing injunctive and/or declaratory relief to the class by which Defendant is stopped from continuing to notify the putative class members that their vehicles will be sold at a private, rather than public sale;

(d)     Enter judgment in favor of Plaintiff and members of the Class in the amount of the "Finance Charge" plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each class member from the four year period prior to the date of the filing of this Petition;

(e)     Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

(f)     Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiffs and/or the Class may be entitled.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105
Phone: (314) 932-1068/Fax: (314) 228-0338
bbrody@ brodyandcornwell.com
acornwell@brodyandcornwell.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Phone: (314) 863-5700/Fax: 863-5711
butsch@butschroberts.com
roberts@butschroberts.com
*Attorneys for Plaintiffs*

20SL-CC02731

## Retail Installment Contract and Security Agreement

MO-102 2/28/2012

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| WEBER CHEVROLET CO.<br>12015 OLIVE BLVD<br>ST LOUIS, MO    63141 | BARBARA J BRANCH<br>6708 PLYMOUTH AVE<br>STLOUIS MO 63130<br>ALEXIS BRANCH<br>6708 PLYMOUTH AVE<br>STLOUIS MO 63130 | No.<br>Date    07/22/2014 |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $750.00 |
|---|---|---|---|---|
| 5.99 % | $ 4158.18 | $ 21253.50 | $ 25411.68 | $ 26161.68 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 352.94 | MONTHLY BEGINNING    09/05/2014 |
|  | $ N/A |  |
|  | $ N/A |  |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If you fail to pay your scheduled payment, in full, within 15 days of its due date, you agree to pay: 1. a late charge of $5.00, if the amount of your scheduled payment is $25.00 or less; 2. otherwise, a late charge of 5% of the amount of your scheduled payment, subject to a minimum late charge of $10.00 and a maximum late charge of $25.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year<br>2010 | Make<br>CHEVROLET | Model<br>IMPALA | Style<br>SD | Vehicle Identification Number | Odometer Mileage<br>45065 |
|---|---|---|---|---|---|
| ☐ New<br>☒ Used<br>☐ Demo | | | Other: | | |

EXHIBIT 1

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

## Description of Trade-In

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies:

_____

_____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. Price of Vehicle, etc. (incl. sales tax of $ 1309.00 ) | $ | 17259.00 |
| b. Service Contract, paid to: GMPP | $ | 3395.00 |
| c. **Cash Price** (a+b) | $ | 20654.00 |
| d. Trade-in allowance | $ | 750.00 |
| e. Less: Amount owing, paid to (includes m): | $ | N/A |
| f. Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ | 750.00 |
| g. Cash payment | $ | N/A |
| h. Manufacturer's rebate | $ | N/A |
| i. Deferred down payment | $ | N/A |
| j. Other down payment (describe) N/A | $ | N/A |
| k. **Down Payment** (f+g+h+i+j) | $ | 750.00 |
| l. **Unpaid balance of Cash Price** (c-k) | $ | 19904.00 |
| m. Financed trade-in balance (see line f) | $ | N/A |
| n. Paid to public officials, including filing fees | $ | 2.50 |
| o. Insurance premiums paid to insurance company(ies) | $ | N/A |
| p. Administrative Fee | $ | 49.00 |

AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER. THIS ADMINISTRATIVE FEE MAY RESULT IN A PROFIT TO DEALER. NO PORTION OF THIS ADMINISTRATIVE FEE IS FOR THE DRAFTING, PREPARATION, OR COMPLETION OF DOCUMENTS OR THE PROVIDING OF LEGAL ADVICE. THIS NOTICE IS REQUIRED BY LAW.

| | | |
|---|---|---|
| q. TIRE AND WHEEL | $ | 599.00 |
| r. N/A | $ | N/A |
| s. N/A | $ | N/A |
| t. N/A | $ | N/A |
| u. N/A | $ | N/A |
| v. GAP Insurance | $ | 699.00 |
| w. **Total Other Charges/Amts Paid** (m thru v) | $ | 1349.50 |
| x. Prepaid Finance Charge | $ | N/A |
| y. **Amount Financed** (l+w-x) | $ | 21253.50 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single  ☐ Joint  XX ☐ None

Premium $ _____ N/A _____ Term _____ N/A _____

Insured _____

**Credit Disability**

☐ Single  ☐ Joint  XX ☐ None

Premium $ _____ N/A _____ Term _____ N/A _____

Insured _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If

## Sales Agreement

**Payment.** You promise to pay us the principal amount of

$ _____ 21253.50 _____ plus finance charges accruing on the unpaid balance at the rate of _____ 5.9900 % per year from the date of this Contract until paid in full. Finance charges accrue on a _____ 365 _____ day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of

$ _____ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ Service Contract

| | |
|---|---|
| Term | 48 MOS /40000 MILES |
| Price | $ 3395.00 |
| Coverage | SEE POLICY FOR COVERAGE |

☒ Gap Waiver or Gap Coverage

| | |
|---|---|
| Term | 72 MOS / |
| Price | $ 699.00 |
| Coverage | SEE POLICY FOR COVERAGE |

☒ TIRE AND WHEEL

| | |
|---|---|
| Term | |
| Price | $ 599.00 |
| Coverage | TIRE AND WHEEL PROTECTION |

By: *Barbara J Branch*                        07/22/2014
                                              Date

By: *[signature]*                             07/22/2014
  ALEXIS BRANCH                                Date

By: _____ N/A _____
                                              Date

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *Branch, Barbara*                         07/22/2014
  BARBARA J BRANCH                             Date

By: *[signature]*                             07/22/2014
  ALEXIS BRANCH                                Date

By: _____ N/A _____
                                              Date

By: _____
                                              Date

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

Your signature below means you want (only) the insurance coverage(s) quoted above. #
"None" is checked if you have declined the coverage we offered.

By: _____  DOB
N/A

By: _____  DOB
N/A

By: _____  DOB

**You have the right to cancel credit insurance within 15 days of buying it and receive a full refund or credit for the credit insurance premium.**

**Property Insurance.** You must insure the Property securing this Contract. You understand that you are free to insure your Property with whatever licensed company, agent or broker you may choose; that you may do so at any time after the date of this loan; that you have not cancelled any existing insurance on your Property if you owned it before this loan; and that this loan cannot be denied you simply because you did not purchase your insurance through us. **YOU MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND YOU MAY HAVE OTHER INSURANCE WHICH WE WILL ACCEPT WHICH COVERS THE PROPERTY SECURING THIS LOAN. YOU SHOULD EXAMINE ANY OTHER INSURANCE WHICH YOU HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY.**

This premium is calculated as follows:  N/A

- [ ] $ _____ N/A _____ Deductible, Collision Cov. $ _____ N/A
- [ ] $ _____ Deductible, Comprehensive $ _____ N/A
- [ ] Fire-Theft and Combined Additional Cov. $ _____ N/A
- [ ] _____ $ _____ N/A

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

- [ ] **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay

$ _____ for _____ of coverage.

---

**Notice to the Buyer. Do not sign this Contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Contract you sign. Under the law you have the right to pay off in advance the full amount due and to obtain a partial refund of the time price differential.**

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer _X_ Barbara J. Branch.                     07/22/2014
By: _____           Date
BARBARA J BRANCH                                 07/22/2014
By: _____           Date
ALEXIS BRANCH
By: _____           Date
N/A

By: _____           Date

Seller _____        07/22/2014
By: _____           Date
WEBER CHEVROLET CO.

By: _____           Date

[This area intentionally left blank.]

---

**Assignment.** This Contract and Security Agreement is assigned to FIRST NATIONAL BANK OF ST LOUIS
_____ , the Assignee, phone _____ . This assignment is made [ ] under the terms of a separate
agreement made between the Seller and Assignee. [X] under the terms of the *Assignment by Seller* section on page 2. [ ] This Assignment is made with recourse.

Seller WEBER CHEVROLET CO.                        07/22/2014

By: _____           Date

Retail Installment Contract-MO Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLF-MO 2/28/2012

_____
Page 1 of 2

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25, plus any charge by the depository institution for the dishonored or returned payment.

**Governing Law and Interpretation.** This Contract is governed by the law of Missouri and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to make a payment as required by this Contract.
- We believe the prospect of payment, performance, or the ability to realize upon the collateral is significantly impaired.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract after we have given you any notice and opportunity to cure your default that the law requires. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate

Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**Emissions Inspection Notice.** If the vehicle is subject to Missouri emissions inspection and the Seller sells it to you without prior inspection and approval, you may: (1) return the Vehicle within 10 days, provided it has no more than 1,000 additional miles since the time of sale, to have the Seller repair the Vehicle and provide an emissions certificate and sticker within five working days if the Vehicle fails, upon inspection, to meet the emissions standards, or (2) enter into any mutually acceptable agreement with the Seller.

## Third Party Agreement

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____   Date _____

## Assignment by Seller

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract.

(Separate Agreement. If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

- This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
- The statements contained in this Contract are true and correct.
- The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
- This sale was completed in accordance with all applicable federal and state laws and regulations.
- This Contract is valid and enforceable in accordance with its terms.
- The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
- This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
- A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
- The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
- Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of nonpayment or nonperformance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compromise or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**Unless otherwise indicated on page 1, this Assignment is without recourse.**

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1,

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section, until paid in full.

- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

Unless you provide evidence of the insurance coverage required by this Contract, we may purchase insurance at your expense to protect our interests in the Property. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the Property. You may later cancel any insurance purchased by us, but only after providing evidence that you have obtained insurance as required. If we purchase insurance for the Property, you will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

for payment to be made, to Buyer and any other person obligated under this Contract. Unless otherwise indicated on page 1, this Assignment is without recourse.

**With recourse.** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

not pay any claim that you make or any claim that is made against you in connection with the Property. You may later cancel any insurance purchased by us, but only after providing evidence that you have obtained insurance as required. If we purchase insurance for the Property, you will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply.** NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adheridia en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

| | | | | Seller warrants. |
|---|---|---|---|---|
| n. Paid to public officials, including filing fees | $ | N/A | Coverage | SEE POLICY FOR COVERAGE |
| o. Insurance premiums paid to insurance company(ies) | $ | | | TIRE AND WHEEL |
| p. Administrative Fee | $ | 49.00 | Term | |

**AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER.**

**20SL-CC02731**

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

**Central Bank**

January 11, 2018

BARBARA JEAN BRANCH
ALEXIS M BRANCH
6708 PLYMOUTH AVE
SAINT LOUIS MO 63130-2462

Re:   Promissory Note # 1034248-2516 dated July 22, 2014, in the original principal
amount of $21,253.50 (the "Promissory Note") secured by 2010 Chevrolet
Impala VIN                    among other things, a perfected security
interest in (the "Vehicle")

## CONFIRMATION OF REPOSSESSION
## NOTICES OF INTENT TO APPLY FOR REPOSSESSED TITLE
## AND TO SELL COLLATERAL

Dear Ms. Branch:

*Confirmation of Repossession*

This is to confirm that we have repossessed the above-referenced Vehicle following your
default in repaying the debt evidenced by the above-referenced Promissory Note.  Any unpledged
personal property that you left in the Vehicle will be retained by us for a period of twenty (20) days
from the date of this notice and returned when you come to our office to pick it up. Unpledged
personal property left with us for more than twenty (20) days from the date of this notice will be
deemed to be abandoned by you and we will dispose of it in our discretion.

*Notice of Intent to Apply for Repossessed Title*

This is to give you notice that we intend to apply for a repossessed title for the Vehicle ten
(10) or more days following the date of this letter.

*Notice of Private Sale*

This is to give you notice that the Vehicle will be sold by private sale at some time fifteen (15)
or more days following the date of this letter.  (A sale could include a lease or license.) You presently
owe $15,163.43 on the Promissory Note plus $375.00 for the costs of repossession and other
expenses. The money that we get from the sale (after paying our costs) will reduce the amount you

<span style="color:red">EXHIBIT 2</span>

*238 Madison Street • Jefferson City, MO 65101 • (573) 634-1234 • Member FDIC*

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM



**Central Bank**

owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money unless we must pay it to someone else.

You can get the Vehicle back at any time before we sell it by paying the full amount you owe (not just past due payments), including expenses. To learn the exact amount that you must pay to get the Vehicle back, please call us at 573-556-6831.

If you would like us to explain in writing how we have figured the amount you owe us, please call us at 573-556-6831 or write us at Central Bank, P O Box 779, Jefferson City, Missouri 65102 and request a written explanation. (You will be charged $15.00 for the explanation if we have provided a previous explanation of how much you owe at your request within the last six months.)

If you need more information about the sale, please call us at 573-556-6831 or write us at Central Bank, P O Box 779, Jefferson City, Missouri 65102.

We are sending this notice to the following other people who have an interest in the Vehicle or who owe money under the Promissory Note.

ALEXIS M BRANCH
6708 PLYMOUTH AVE
SAINT LOUIS MO 63130-2462

Thank you for time and attention.

Sincerely,

Kyle Johns, Collector

*238 Madison Street • Jefferson City, MO 65101 • (573) 634-1234 • Member FDIC*

**20SL-CC02731**

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM



### Central Bank

## NOTICE OF SALE OF COLLATERAL
#### AND POSSIBLE DEFICIENCY

Date: March 14, 2018

Barbara Jean Branch
Alexis M. Branch
6708 Plymouth Ave
Saint Louis, MO= 63130

Because you defaulted on your loan, we repossessed the <u>2010 Chevrolet Impala VIN</u> ▮
securing the loan <u>1034248-2516</u>.  We sold this collateral on <u>February 9, 2018</u>.

The deficiency (surplus) is:                                    <u>$8,635.24</u>

Here is how we calculated that amount.

| | |
|---|---:|
| Total amount due at the time of repossession | $15,163.43 |
| Less Unearned Credit Insurance (through date of sale) | $0.00 |
| Less Refunds (GAP, Warranties, Force Placed Insurance through date of repossession) | $1,655.69 |
| Interest due from date of repossession through date of sale | $95.00 |
| Net amount due Lender prior to sale | $13,602.74 |
| Proceeds from sale | $5,700.00 |
| Other credit - | |
| Net amount due Lender after sale | $7,902.74 |

| | |
|---|---:|
| Less Expenses of Sale | |
| Repossession Charges | $375.00 |
| Repo Title Fee | $12.50 |
| Towing Fees | $170.00 |
| Clean up Fees | $75.00 |
| Auction Fees | $100.00 |
| Fuel Charge | |
| Other - | |
| Total Expenses | $732.50 |
| Deficiency (Surplus) | $8,635.24 |



**EXHIBIT 3**

*238 Madison Street • Jefferson City, MO 65101 • (573) 634-1234 • Member FDIC*



**Central Bank**

If the sale resulted in a deficiency balance, interest will continue to accrue on that balance at the rate of $1.41 per day until the loan is paid in full. If you continue to owe the amount of the deficiency remaining after the repossession and sale of the collateral securing the debt, we reserve the right to pursue legal action against you if the deficiency is not promptly paid.

*Bankruptcy Statement*

It is possible that one or more parties originally or subsequently obligated to pay the debt referenced in this letter either has or is currently seeking protection of Title 11 of the United States Code. If you have obtained your bankruptcy discharge or are currently in bankruptcy then nothing contained in this letter should be construed as a demand for payment of any debt, and this letter should be construed as informational only to comply with one or more terms of the note and/or Missouri Law.

If you have any questions or wish additional information you may call us at 573-556-6831 or write to us at: PO Box 779, Jefferson City, MO 65102 .

Respectfully,

Kyle Johns
Collector

Alexis Branch
6708 Plymouth Ave.
Saint Louis, MO. 63130

*238 Madison Street • Jefferson City, MO 65101 • (573) 634-1234 • Member FDIC*

**20SL-CC02731**

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_May 14, 2020_
Date

_Alexis Branch and Barbara Branch_
Plaintiff/Petitioner

Case Number

vs.

Division

_The Central Trust Bank d/b/a Central Bank_
Defendant/Respondent

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Alexis Branch and Barbara Branch_                        , pursuant
                                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_David Roberts_              _620-B East High Street, Jefferson City, Missouri 65101_   _573-634-6183_
Name of Process Server            Address                                              Telephone

Name of Process Server            Address or in the Alternative                        Telephone

Name of Process Server            Address or in the Alternative                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
_The Central Trust Bank d/b/a Central Bank_
Name                                                Name
_238 Madison Street_
Address                                             Address
_Jefferson City, Missouri 65101_
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:

Name                                                Name

Address                                             Address

City/State/Zip                                      City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                    _/s/ Christopher E. Roberts_
                                                    Signature of Attorney/Plaintiff/Petitioner
                                                    _61895_
By _____ _/s/Adam Dockery_ _____                   Bar No.
       Deputy Clerk                                 _231 S. Bemiston, Ste. 260 - Clayton, Mo. 63105_
                                                    Address
            _5/20/2020_                              _(314) 863-5700_        _(314) 863-5711_
Date                                                Phone No.                 Fax No.

CCADM62-WS   Rev. 08/16

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number:  20SL-CC02731 |
|---|---|
| Plaintiff/Petitioner:<br>ALEXIS BRANCH | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> THE CENTRAL TRUST BANK<br>DBA:  CENTRAL BANK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  THE CENTRAL TRUST BANK**
**DBA:  CENTRAL BANK**

**238 MADISON STREET**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>20-MAY-2020</u>
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                             Date                                                 Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - May 21, 2020 - 05:21 PM

# CENTRAL MISSOURI PROCESS SERVERS

### A DIVISION OF

## DMR INVESTIGATIONS, LLC

*-Serving the Legal and Financial Professions Since 1985-*

---

## PROCESS SERVICE INVOICE

Invoice Date: 05/21/20

Client:: BUTSCH ROBERTS & ASSOC. LLC       Attn: CHRIS

Address: 231 S. Bemiston Ave, Ste. 260 City CLAYTON  St.: MO  Zip: 63105

Service Upon: CENTRAL TRUST BANK

Plaintiff: BRANCH       Defendant: CENTRAL BANK

Date Served: 05/21/20 Case # 20SL-CC02731  Acct. #: _____

Court: ST LOUIS COUNTY       Court Date: _____

-COMMENTS-

---

Serves/Non Est in JEFF CITY                @$ 45  per Paper...$ 45.00
Serves/Non Est in _____ @$ _____ per Paper ..
Serves/Non Est in _____ @$ _____ per Paper ..
Expedited (**Rush**) Service @ $35 additional per paper.............................
Our check advanced for witness fees, etc........................................
Other _____ .....
Other _____ .....

INVOICE TOTAL...................$ 45.00

Tax ID # 01-0790516

*Please make check payable to:* **DMR Investigations, LLC**

Electronically Filed - St Louis County - May 21, 2020 - 05:21 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 20SL-CC02731 |
| Plaintiff/Petitioner:<br>ALEXIS BRANCH | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>THE CENTRAL TRUST BANK<br>DBA:  CENTRAL BANK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **THE CENTRAL TRUST BANK**
**DBA:  CENTRAL BANK**

**238 MADISON STREET**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

      **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

    **20-MAY-2020**
    Date

                                                   /Clerk

    **Further Information:**
    **AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to BRYNA EDWARDS (name) Deputy General Counsel (title).

☐ other _____

Served at 238 MADISON ST., JEFFERSON CITY, MO 65101 (address)

in COLE (County/City of St. Louis), MO, on 05/21/20 (date) at 3:14 pm (time).

DAVID M. ROBERTS             D.M. Roberts
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

    Subscribed and sworn to before me on 5-21-20 (date).

(Seal)     My commission expires: 12-4-20      Patricia J. Roberts
                 Date                            Notary Public

            PATRICIA J. ROBERTS
            Notary Public-Notary Seal
      STATE OF MISSOURI-County of Cole
            Commission #12481691
      My Commission Expires Dec. 4, 2020

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-4662**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - May 26, 2020 - 11:51 AM

**IN THE  21ST JUDICIAL CIRCUIT  COURT,  ST. LOUIS COUNTY , MISSOURI**

| |
|---|
| Alexis Branch Et Al, |
|       Plaintiff, |
|            vs. |
| The Central Trust Bank, |
|       Defendant. |

Case Number:  20SL-CC02731

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Alexis Branch, Plaintiff, in the above-styled cause.

/s/ /s/ Bryan E. Brody
Bryan Ethan Brody
Mo Bar Number: 57580
Attorney for Plaintiff
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Phone Number: (314) 932-1068
bbrody@brodyandcornwell.com

### Certificate of Service

I hereby certify that on _____ May 26th, 2020 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ /s/ Bryan E. Brody
Bryan Ethan Brody

Electronically Filed - St Louis County - May 26, 2020 - 11:50 AM

**IN THE  21ST JUDICIAL CIRCUIT  COURT,       ST. LOUIS COUNTY      , MISSOURI**

Alexis Branch Et Al,

         Plaintiff,

               vs.

The Central Trust Bank,

         Defendant.

Case Number:  20SL-CC02731

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Barbara Branch, Plaintiff, in the above-styled cause.

/s/ /s/ Bryan E. Brody
Bryan Ethan Brody
Mo Bar Number: 57580
Attorney for Plaintiff
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Phone Number: (314) 932-1068
bbrody@brodyandcornwell.com

### Certificate of Service

I hereby certify that on            May 26th, 2020           , a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ /s/ Bryan E. Brody
Bryan Ethan Brody