### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| ALEXIS BRANCH and BARBARA BRANCH, individually, and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>THE CENTRAL TRUST BANK D/B/A CENTRAL BANK,  )<br>)<br>Defendant.  ) | Cause No:<br><br>Division No: |

## PETITION

**COME NOW** Plaintiffs Barbara Branch and Alexis Branch, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, and for their Petition, state:

### PARTIES, JURISDICTION, AND VENUE

1. This case is about making sure that businesses who repossess vehicles comply with a very simple rule that affords due process to consumers. That rule is to notify the consumer who has a vehicle repossessed by the business whether the vehicle will be sold at a private or public sale.

2. Defendant Central Bank broke this simple rule. Central Bank repossessed the vehicles of Plaintiffs and hundreds of Missouri consumers. Central Bank then misrepresented to Plaintiffs and hundreds of Missouri consumers that their vehicles would be sold at **private** sales, when, in realty, their vehicles were sold at **public** sales. This class action cases seeks to hold Central Bank accountable for breaking this simple rule.

3. Plaintiffs Barbara Branch and Alexis Branch ("Plaintiffs") are individuals who

EXHIBIT A

reside in St. Louis County, Missouri.

4. Defendant The Central Trust Bank d/b/a Central Bank ("Defendant" or "Central Bank") is a domestic trust company that transacts business under Missouri Charter #U00000277.

5. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. Mo. Const. Art. V § 14.

6. This Court has the statutory authority to grant the relief requested herein pursuant to § 408.562 R.S.Mo.

7. Venue is proper in St. Louis County because the transaction at issue between Plaintiffs and Defendant took place in St. Louis County.

## BACKGROUND

*Defendant Provides a Legally Deficient Notice of Its Intent to Sell the Collateral*

8. On July 22, 2014, Plaintiffs purchased a 2010 Chevrolet Impala, bearing Vehicle Identification Number 2G1WC5EM3A1213825 (the "Vehicle") from Weber Chevrolet Company in St. Louis, Missouri.

9. Plaintiffs financed the purchase price of the Vehicle by entering into a Motor Vehicle Retail Installment Contract, a true and correct copy of which is attached as Exhibit 1.

10. The Retail Installment Contract was assigned to Defendant the same day Plaintiffs' purchased the Vehicle.

11. The parties agreed the Vehicle would serve as collateral for the installment contract such that the transaction was a secured transaction governed by Missouri's adoption of Article 9 of the Uniform Commercial Code, MO. REV. STAT. § 400.9-101, *et seq.*

12. In connection with the extension of credit to Plaintiffs, Defendant assessed a "Finance Charge" in the amount of $4,158.18 for the "Amount Financed" of $21,253.50.

13. Thereafter, on January 1, 2018, the New Year's Day Holiday, Defendant repossessed the Vehicle on the alleged basis that Plaintiffs had defaulted on their payments under the Retail Installment Contract.

14. Following repossession of the Vehicle, Defendant sent a letter to Plaintiffs dated January 11, 2018, which Defendant titled as "Confirmation of Repossession" and "Notices of Notice of Intent to Apply for Repossessed Title and to Sell Collateral," a true and correct copy of which is attached as Exhibit 2.

15. Defendant's letter included a subheading, in bold typeface, titled "Notice of Private Sale."

16. Under its "Notice of Private Sale," Defendant represented to Plaintiffs that "the Vehicle will be sold by private sale at some fifteen (15) or more days following the date of this letter."

17. Contrary to Defendant's representation, the Vehicle was sold at a **public** sale.

18. Specifically, Defendant sold the vehicle at an auction through Manheim, Inc.

19. Defendant's notice did not advise Plaintiffs of the time or place at which the sale would be held even though Defendant conducted the sale at a definite time and place where multiple parties bid on the Vehicle.

20. Following the sale, on March 14, 2018, Defendant sent Plaintiffs a "Notice of Sale of Collateral and Possible Deficiency," a copy of which is attached as Exhibit 3.

21. Within its March 14 Notice, Defendant assessed "Auction Fees" in the amount of $100.00 as an expense incident to the alleged private sale thereby inflating Plaintiffs' alleged deficiency balance for the Vehicle following the sale.

22. On February 25, 2020, in the matter of *Central Trust Bank v. Barbara Branch, et*

*al.*, St. Louis County Circuit Court Associate Division, Case No. 19SL-AC14380, the Honorable Matthew H. Hearne entered judgment against Central Trust Bank finding that its sale of a vehicle at a dealers' auction constituted a "public sale" under Missouri law.

### *This Action Is Properly Maintainable as a Class Action*

23. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08. Plaintiff seeks to certify the following class:

a. The "UCC" Class: All persons to whom Defendant sent a Notice of Intent to Sell Collateral dated four years before the date of the filing of this suit until the date of class certification where: (1) the person(s) entered into a Retail Installment Contract with Defendant in connection with the sale of a vehicle which served as collateral for the installment contract; (2) Defendant repossessed the vehicle that served as collateral; (3) Defendant mailed a Notice of Intent to Sell Collateral stating that the vehicle would be sold at a "private sale;" (4) the vehicle was sold at an auction; and, (5) a judgment has not been entered against the individual for a deficiency balance arising out of the sale of the vehicle.

b. The "Section 408.562" Class: All persons to whom Defendant sent a Notice of Intent to Sell Collateral dated five years before the date of the filing of this suit until the date of class certification where: (1) the person(s) entered into a Retail Installment Contract with Defendant in connection with the sale of a vehicle which served as collateral for the installment contract; (2) Defendant repossessed the vehicle that served as collateral; (3) Defendant mailed a Notice of Intent to Sell Collateral stating that the vehicle would be sold at a "private sale;" (4) the

vehicle was sold at an auction; and, (5) a judgment has not been entered against the individual for a deficiency balance arising out of the sale of the vehicle.

24. The class is so numerous and geographically diverse that joinder of the class members is impracticable.

25. Upon information and belief, the class consists of over 100 people.

26. There are common questions of law and fact applicable to the claims asserted on behalf of the class. Those questions include, but are not limited to:

    a. Whether Defendant mailed a Notice of Intent to Sell Collateral;

    b. Whether Defendant listed the sale as a private sale within the Notice of Intent to Sell Collateral;

    c. Whether Defendant sold the vehicle at an auction; and,

    d. Whether Defendant's actions violate Missouri law.

27. Plaintiffs are members of the classes they seek to represent.

28. On information and belief, Defendant is a high-volume consumer installment lender that finances, and repossesses, hundreds of vehicles each year in Missouri.

29. Defendant has acted on refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

30. Defendant has acted, and continues to act, contrary to the law by failing to notify Plaintiffs and the putative class members that their vehicles will be sold at a public sale.

31. There are no unique defenses Defendant can assert against Plaintiffs individually, as distinguished from the defenses that apply to the putative class members.

Electronically Filed - St Louis County - May 14, 2020 - 12:57 PM

32. Plaintiffs will fairly and adequately represent the putative class members and have no conflict of interest. Rather, Plaintiffs' interests are adverse to Defendant's interests. Plaintiffs are committed to vigorously prosecuting the claims presented in this petition.

33. Plaintiffs' counsel will fairly and adequately represent the putative class members. Plaintiffs have retained counsel experienced in the prosecution of class actions. Plaintiffs' counsel have no interests adverse or in conflict with absent class members.

34. Plaintiffs' claims are typical of the class they seek to represent.

35. Plaintiffs' claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct, thereby resulting in the same injury to Plaintiffs and the putative class members.

36. The class action mechanism provides a fair and efficient method to adjudicate this controversy because the claims of Plaintiffs and the putative class members raise the same questions of law and fact.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and/or economically infeasible for class members to seek redress individually.

38. Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

39. There will be no unusual difficulty in managing this case as a class action.

40. The loss suffered by the putative class members is calculable and ascertainable.

**COUNT I – VIOLATIONS OF § 400.9-101, *et seq.***
**(on behalf of Plaintiffs and all others similarly situated)**

41. Plaintiffs incorporate the previous paragraphs as if fully set forth in this Count.

42. As contemplated by the class definition, Plaintiffs and the putative class members do not seek to set aside or otherwise challenge any judgment previously entered against an individual in favor of Defendant for a deficiency balance following the sale of their vehicle.

43. Plaintiffs and the putative class members are each a "consumer debtor" as defined by section 400.9-102(22) R.S.Mo.

44. Defendant is a "secured party" as defined by section 400.9-102(71) R.S.Mo.

45. Plaintiffs' and the putative class members' vehicles are "collateral" as defined by 400.9-102(12) R.S.Mo.

46. Pursuant to section 400.9-614, within its notice of disposition, Defendant was obligated to inform Plaintiffs and the Class Members of the time and place of the public disposition of their vehicles.

47. Defendant violated section 400.9-101, *et seq.*, when it falsely informed Plaintiffs and the Class Members that their vehicles would be disposed of at a **private** sale, when the sale was actually a **public** sale.

48. Pursuant to section 400.9-625(c), due to Defendant's failure to comply with the Act, Defendant is liable for damages equal to the amount of the "Finance Charge" imposed in the Retail Installment Contracts of Plaintiffs and the putative class members plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each such person to whom Defendant failed to send proper notice of disposition of collateral within the four (4) years prior to the filing of this petition.

49. Pursuant to section 400.9-625(a), due to Defendant's failure to comply with the Act, Plaintiffs and the Class Members seek an Order from the Court prohibiting Defendant from

attempting to collect any alleged deficiency balance arising out a private sale when, in fact, Defendant sent a pre-sale notice listing the sale as a private sale.

50.     Pursuant to Supreme Court Rule 52.08(b)(2), Plaintiffs and the putative class members are also entitled to injunctive and/or declaratory relief.

51.     Plaintiffs and the Class Members demand pre-judgment interest on the amount of statutory damages accruing from the date of the respective auction of their vehicles.

WHEREFORE, Plaintiffs Alexis Branch and Barbara Branch, individually, and on behalf of each member of the proposed Class, request that the Court enter judgment against Defendant The Central Trust Bank d/b/a Central Bank and grant the following relief:

(a)     Enter an order certifying this action as a Class Action and appointing Plaintiffs as representatives of the Class;

(b)     Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as class counsel;

(c)     Enter an order and judgment providing injunctive and/or declaratory relief to the class by which Defendant is stopped from continuing to notify the putative class members that their vehicles will be sold at a private, rather than public sale;

(d)     Enter judgment in favor of Plaintiff and members of the Class in the amount of the "Finance Charge" plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for

              each class member from the four year period prior to the date of the filing of this Petition;

(e)     Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

(f)     Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiffs and/or the Class may be entitled.

## COUNT II – VIOLATIONS OF § 408.562
### (on behalf of Plaintiffs and all others similarly situated)

52.     Plaintiffs incorporate the previous paragraphs as if fully set forth in this Count.

53.     As contemplated by the class definition, Plaintiffs and the putative class members do not seek to set aside or otherwise challenge any judgment previously entered against an individual in favor of Defendant for a deficiency balance following the sale of their vehicle.

54.     Pursuant to section 408.562, Plaintiffs and the putative class members are each a "person" who suffered a loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561; namely, section 408.557.

55.     Defendant violated section 408.557 by failing to provide Plaintiffs and the Class members the requisite notice under section 400.9-614.

56.     Specifically, Defendant violated section 400.9-614 and section 408.557 when it falsely informed Plaintiffs and the Class Members that their vehicles would be disposed of at a **private** sale, when the sale was actually a **public** sale.

57.     Pursuant to section 400.9-625(c) and section 408.562, due to Defendant's failure to provide notice, Defendant is liable for damages equal to the amount of the "Finance Charge"

imposed in the Retail Installment Contracts of Plaintiffs and the putative class members plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each such person to whom Defendant failed to send proper notice of disposition of collateral within the four (4) years prior to the filing of this petition.

58.     Pursuant to section 400.9-625(a) and section 408.562, due to Defendant's failure to provide notice, Plaintiffs and the Class Members seek an Order from the Court prohibiting Defendant from attempting to collect any alleged deficiency balance arising out a private sale when, in fact, Defendant sent a pre-sale notice listing the sale as a private sale.

59.     On information and belief, Defendant continues to seek deficiency balances by filing lawsuits against individuals to whom it sent notice of a private sale when the sale of their collateral was, in fact, held via public auction.

60.     Defendant's continues to seek deficiency balances despite possessing actual knowledge that a Missouri court already held that its conduct is unlawful.

61.     Defendant's conduct constitutes a willful and reckless disregard of the Class Members' rights under sections 400.9-614 and 408.557 and, therefore, justifies the imposition of punitive damages under section 408.562.

62.     Pursuant to Supreme Court Rule 52.08(b)(2), Plaintiffs and the putative class members are also entitled to injunctive and/or declaratory relief.

63.     Plaintiffs and the Class Members demand pre-judgment interest on the amount of statutory damages accruing from the date of the respective auction of their vehicles.

WHEREFORE, Plaintiffs Alexis Branch and Barbara Branch, individually, and on behalf of each member of the proposed Class, request that the Court enter judgment against Defendant The Central Trust Bank d/b/a Central Bank and grant the following relief:

(a) Enter an order certifying this action as a Class Action and appointing Plaintiffs as representatives of the Class;

(b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as class counsel;

(c) Enter an order and judgment providing injunctive and/or declaratory relief to the class by which Defendant is stopped from continuing to notify the putative class members that their vehicles will be sold at a private, rather than public sale;

(d) Enter judgment in favor of Plaintiff and members of the Class in the amount of the "Finance Charge" plus 10 percent of the "Amount Financed" listed in the Retail Installment Contract or the time-price differential plus ten percent of the cash price, whichever is greater, for each class member from the four year period prior to the date of the filing of this Petition;

(e) Enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

11

(f) Enter judgment awarding prejudgment interest, post-judgment interest, costs, and any further and additional relief as the Court deems Plaintiffs and/or the Class may be entitled.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105
Phone: (314) 932-1068/Fax: (314) 228-0338
bbrody@ brodyandcornwell.com
acornwell@brodyandcornwell.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
Phone: (314) 863-5700/Fax: 863-5711
butsch@butschroberts.com
roberts@butschroberts.com
*Attorneys for Plaintiffs*